**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

**ROBERT J. STORAY**                                                                                    **PLAINTIFF**

**V.**                                                      **4:09CV00788-WRW**

**CITY OF LITTLE ROCK, ARKANSAS**                                              **DEFENDANT**

<u>ORDER</u>

Pending is Defendant's Motion for Summary Judgment (Doc. No. 59).  Plaintiff has

responded,[1] and Defendant has replied.[2]  Based on the findings of fact and conclusions of law

below, Defendant's Motion for Summary Judgment is GRANTED.

**I.        BACKGROUND**

Plaintiff's nephew, Billy Storay, called the City of Little Rock 911 emergency number on

January 28, 2009, and requested that an officer check on the condition of his uncle.[3] Officers

Spencer F. Smith and Chad O'Kelly went to Plaintiff's residence at 1623 Barber Street in Little

Rock.[4] Billy Storay advised the officers at the scene that his father and grandmother lived in the

house, and that he was worried about their safety.[5] He told the officers that his uncle was yelling

and "banging around" inside the house, and might be under the influence of drugs or alcohol.[6]

---

[1]Doc. No. 65.

[2]Doc. No. 66.

[3]Doc. No. 60-2.

[4]Doc. Nos. 60-3, 60-4.

[5]Doc. No. 60-2.

[6]*Id*

The officers talked to Plaintiff to see if he needed assistance, but he responded with curses.[7] Officer Smith asked Plaintiff for his name and birth date to complete an incident report, but Plaintiff refused to provide the information.[8] The Plaintiff denies that he spat on the officers, but he does not deny spitting.[9] The officers reported being hit by Plaintiff's spit.[10] Plaintiff disputes how the incident escalated, but all parties agree that there was a scuffle between Plaintiff and the officers.[11] Plaintiff was arrested.[12]

On January 31, 2009, Plaintiff was drinking beer and talking about his recent arrest with a neighbor.[13] According to Plaintiff, he was mad at his neighbor and "dashed" some beer on him.[14] The neighbor responded by throwing a beer can at him.[15] Plaintiff called 911 to complain that his neighbor threw the can of beer at him.[16]

---

[7]Doc. Nos. 60-3, 60-4.

[8]*Id.*

[9]Plaintiff admits to spitting, but disputes that any spit landed on the officers. See Doc. No. 60-11. He analogized the spit to a dog urinating to claim his turf. *Id*

[10]Doc. Nos. 60-3, 60-4.

[11]Doc. Nos. 60-3, 60-4, 60-11.

[12]*Id.*

[13]Doc. No. 60-11.

[14]*Id.*

[15]*Id.*

[16]*Id.*

When officers responded to his January 31, 2009 call to 911, the Plaintiff again cursed them.[17] After the officers left his home, Plaintiff may have called 911 a second time.[18] The officers returned to his home – Plaintiff cursed them and told them to leave.[19] Plaintiff went into his home and emerged a short time later with a black walking cane.[20] At this point there were four officers at the Plaintiff's residence.[21] The officers reported that Plaintiff threatened them with the cane,[22] which Plaintiff disputes.[23] The officers drew their pistols and demanded that Plaintiff drop the cane.[24] He complied with the officers' order, and dropped the cane.[25] Plaintiff was arrested and charged with four counts of aggravated assault and one count of disorderly conduct.[26] He later pled guilty to the disorderly conduct charge in circuit court.[27]

---

[17]Doc. No. 60-11.

[18]*Id.* Plaintiff conceded that his complaint stated that he called 911 three times that day before being arrested. *Id.*

[19]*Id.*

[20]*Id.*

[21]Doc. Nos. 60-6 through 60-9.

[22]*Id.*

[23]Doc. No. 65.

[24]Doc. Nos. 60-6 through 60-9, 60-11.

[25]*Id.*

[26]Doc. Nos. 60-6 through 60-9.

[27]Doc. Nos. 60-11. Plaintiff says that the reason he pled guilty was that his public defender begged him to. *Id.*

Plaintiff filed a complaint against three Little Rock police officers and the City of Little Rock on October 5, 2009.[28] The complaint, and an amended complaint,[29] claim that the police officers and the City of Little of Little Rock violated Plaintiff's constitutional rights.[30]  The claims against the police officers were dismissed on April 8, 2010.[31]

## II.    SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate only when there is no genuine issue of material fact, so that the dispute may be decided on purely legal grounds.[32]  The Supreme Court has established guidelines to assist trial courts in determining whether this standard has been met:

> The inquiry performed is the threshold inquiry of determining whether there is the need for a trial -- whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.[33]

The Court of Appeals for the Eighth Circuit has cautioned that summary judgment is an extreme remedy that should only be granted when the movant has established a right to the judgment beyond controversy.[34]  Nevertheless, summary judgment promotes judicial economy by preventing trial when no genuine issue of fact remains.[35]  This court must view the facts in the

---

[28]Doc. No. 1.

[29]Doc. Nos. 1, 39. Plaintiff titled the second amended complaint "General Rules of Pleading Against All Defendants." Doc. No. 39.

[30]Plaintiff complains of a number of violations including false arrest, false imprisonment, cruel and unusual punishment, and perjury for making false statements under oath. *See* Doc. No. 39.

[31]Doc. No. 50.

[32]*Holloway v. Lockhart*, 813 F.2d 874 (8th Cir. 1987); Fed R. Civ. P. 56.

[33]*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

[34]*Inland Oil & Transport Co. v. United States*, 600 F.2d 725, 727 (8th Cir. 1979).

[35]*Id*. at 728.

light most favorable to the party opposing the motion.[36]  The Eighth Circuit has also set out the

burden of the parties in connection with a summary judgment motion:

> [T]he burden on the party moving for summary judgment is only to demonstrate, *i.e.*,"[to point] out to the District Court," that the record does not disclose a genuine dispute on a material fact.  It is enough for the movant to bring up the fact that the record does not contain such an issue and to identify that part of the record which bears out his assertion.  Once this is done, his burden is discharged, and, if the record in fact bears out the claim that no genuine dispute exists on any material fact, it is then the respondent's burden to set forth affirmative evidence, specific facts, showing that there is a genuine dispute on that issue.  If the respondent fails to carry that burden, summary judgment should be granted.[37]

Only disputes over facts that may affect the outcome of the suit under governing law will

properly preclude the entry of summary judgment.[38]

## III.   DISCUSSION

### A.   Municipal Liability

Although Plaintiff's complaint does not refer to a statute on which it is based, it appears

that he is trying to assert a violation of 42 U.S.C. § 1983 against the City of Little Rock. Plaintiff

believes that the City should be liable for the acts of its employees.[39]

Municipalities cannot be held liable under Section 1983 under the doctrines of respondeat

superior or vicarious liability.[40] Municipal liability under Section 1983 can be found only when

(1) a municipal policy or custom itself violates federal law, or directs an employee to do so; or

(2) a facially lawful municipal policy or custom was adopted with "deliberate indifference" to its

---

[36]*Id.* at 727-28.

[37]*Counts v. MK-Ferguson Co.*, 862 F.2d 1338, 1339 (8th Cir. 1988) (quoting *City of Mt. Pleasant v. Associated Elec. Coop.*, 838 F.2d 268, 273-74 (8th Cir. 1988) (citations omitted)).

[38]*Anderson*, 477 U.S. at 248.

[39]Doc. No. 60-11.

[40]*Monell v. Dept. of Soc. Servs.*, 436 U.S. 658, 691 (1978).

known or obvious consequences.[41] A "policy" is, "a deliberate choice of a guiding principle or procedure made by the municipal official who has final authority regarding such matters."[42] A "custom" is a widespread pattern of unconstitutional conduct.[43] The standard of deliberate indifference is objective. A municipality is liable if it has maintained a "policy in which the inadequacy is so likely to result in the violation of constitutional rights" that the policymakers can be said to have been deliberately indifferent.[44]

Plaintiff has failed to identify any official policy of the City of Little Rock or its police department that violates federal law, or directs an employee to do so.[45] The City of Little Rock contends that police department policies prohibit the type of conduct that Plaintiff alleges to have taken place during his two arrest in January 2009.[46] Even if the officers involved in either incident did violate Plaintiff's rights, their actions were not carried out pursuant to any unconstitutional policy of the City.

---

[41]*Seymour v. City of Des Moines*, 519 F.3d 790, 800 (8th Cir. 2008).

[42]*Mettler v. Whitledge*, 165 F.3d 1197, 1204 (8th Cir. 1999).

[43]*Id.*

[44]*Moyle v. Anderson*, 571 F.3d 814, 818-819 (8th Cir. 2009) (quoting *Canton v. City of Harris* 489 U.S. 378 (1989)).

[45]Plaintiff concedes in his deposition that the City has policies in place to prohibit unconstitutional conduct by police officers. *See* Doc. No. 60-11.

[46]*See* Doc. No. 60-1 (discussing Rule and Regulation No. 1/6001.00 that officers will not arrest any person unless they have a warrant or when such arrest is authorized without a warrant under the laws of the state of Arkansas and the United States, No. 1/6002.00 that officers will protect the rights of any person held in custody and that no officer shall verbally abuse or use unnecessary violence toward any person, No. 1/6003.00 prohibiting officers from falsely arresting or imprisoning any person, and No. 1/6005.00 that officers will use only the amount of force necessary to effect an arrest).

Plaintiff also fails to allege any facts that might indicate a custom that is a widespread pattern of unconstitutional conduct among the LRPD. To prove that a custom exists Plaintiff must show (1) the existence of a continuing, widespread pattern of unconstitutional misconduct by employees; (2) deliberate indifference to or tacit authorization of such misconduct by the governmental entity's policymaking officials after notice to the officials of the misconduct; and (3) the custom was the moving force behind the constitutional violation.[47] The pattern of unconstitutional conduct "must be so persistent and widespread as to have the force and effect of law" and the pattern must have caused the plaintiff's alleged injury.[48] Plaintiff must also show that City officials had knowledge of incidents of police misconduct that have occurred in the past and deliberately failed to take remedial action.[49]

Plaintiff has not alleged any facts that establish a widespread custom or practice of officers, falsely arresting citizens, or engaging in excessive use of force.[50] He has not established any previous incidents of false arrest or excessive use of force.[51] Accordingly summary judgment on his Section 1983 claims against the City is appropriate.

### B.      Failure to Train

---

[47]*Mettler*,165 F.3d at 1204.

[48]*Rogers v. City of Little Rock*, 152 F.3d 790, 799 (8th Cir. 1998).

[49]*Id.*

[50]Doc. No. 60-11. *See also* Doc. No. 65 (responding to Defendant's Motion for Summary Judgment without alleging any facts to show a widespread custom of false arrests or excessive use of force).

[51]In his deposition Plaintiff broadly suggests that inmates of Cummins Correctional Facility could attest to unconstitutional practices by the City. Doc. No. 60-11.

I agree with the City that it is difficult to determine what claims Plaintiff is attempting to assert,[52] and that from the statements in his deposition, Plaintiff may believe that the LRPD officers who arrested him on both occasions did not follow the training provided by the department, or that the training was in someway inadequate.[53] However, Plaintiff has failed to allege any facts to support this claim.

A municipality may be liable for deficiencies in training when (1) the city's training practices are inadequate; (2) the city was deliberately indifferent to the rights of others in adopting them, such that the failure to train reflects a deliberate or conscious choice by a municipality; and (3) an alleged deficiency in the city's hiring or training procedures actually caused the plaintiff's injury.[54] Plaintiff must show "that in light of the duties assigned to specific officers or employees the need for more or different training is so obvious, and the inadequacy so likely to result in a violation of constitutional rights, that the policy makers of the city can reasonably be said to have been deliberately indifferent to the need."[55]

Plaintiff has not provided any facts that suggest the training provided by the LRPD is inadequate. His only statement to this effect is the suggestion in his deposition that if the officers were following their training the incidents would not have occurred as they did.[56] He has failed to show that the officers who arrested him acted contrary to their training. Thus summary judgment as to the issue of training is also appropriate.

---

[52]Doc. No. 61.

[53]Doc. No. 60-11.

[54]*Andrews* at 1076.

[55] *City of Canton v. Harris*, 489 U.S. 378, 390 (1989).

[56]Doc. No. 60-11.

**CONCLUSION**

Based on the findings of facts and conclusions of law above, Defendant's Motion for

Summary Judgment (Doc. No. 59) is GRANTED.

IT IS SO ORDERED this 22nd day of September, 2010.


/s/Wm. R. Wilson, Jr.
UNITED STATES DISTRICT JUDGE